# IN THE COURT OF APPEALS OF IOWA

No. 23-0519
Filed April 10, 2024

**RACHEL OTERO individually and as Executor of the ESTATE OF T. GENE OTERO,**
    Plaintiff-Appellant,

**vs.**

**STATE OF IOWA,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Andrew Chappell, Judge.

A plaintiff appeals the grant of summary judgment to defendants based on the failure to file a certificate of merit.  **AFFIRMED.**

Michael Galvin of VanDerGinst Law, P.C., Moline, Illinois, for appellant.

Pope S. Yamada of Phelan Tucker Law LLP, Iowa City, for appellee State.

Considered by Greer, P.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

Rachel Otero, individually and as executor of the Estate of T. Gene Otero (collectively "Otero," but referred to with feminine pronouns for simplicity), sued the State of Iowa, alleging negligence by the University of Iowa Hospitals and Clinics (UIHC) and UIHC employees. The district court dismissed Otero's action after she failed to supply a certificate of merit as required by Iowa Code section 147.140 (2022). We affirm based on recent precedent.

In 2017, UIHC radiology technicians took T. Gene for x-rays before a planned surgery. According to Otero, a technician asked T. Gene to take a step without her walker and she fell. From that fall, Otero alleged T. Gene sustained broken ribs, a brain bleed, and a punctured lung.

Otero filed a negligence action against the State, naming UIHC and unknown employees as defendants. The State answered on behalf of UIHC and eventually moved for summary judgment because the petition alleged medical malpractice and Otero failed to file the required certificate of merit or designate an expert witness as required to plead a prima facie case.

Rather than resist summary judgment, Otero instead filed a "motion to amend filing case type." In that pleading, Otero asserted the case "was filed inadvertently as a Medical Malpractice case when it is clearly an ordinary Personal Injury Negligence case," and asked the court to "change the filing status" accordingly. The State resisted, explaining that it understood Otero's motion as seeking to amend her pleadings, and asked the court to deny the motion because it would substantially change the statutory requirements and applicable standards in the case. Otero replied, contending she was not amending her pleadings

because she did not assert medical negligence—only "simple negligence," which she argued did not require an expert witness.

The district court ruled that, by not resisting the motion for summary judgment, Otero failed to generate a fact question. And the court noted it "could" dismiss Otero's action on that basis but reached the merits as a matter of completeness. The court found Otero's petition alleged negligence by "healthcare providers" and was thus governed by section 147.140, meaning that failure to provide a certificate of merit required dismissal. And the court side-stepped the "motion to amend filing case type" by finding the petition alleged negligence against a healthcare provider—no matter Otero's subjective intent regarding the label. The court then granted the State's motion for summary judgment and dismissed the petition. Otero appeals.

We review summary-judgment rulings for correction of errors at law. *Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 808 (Iowa 2019). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). "When the facts are undisputed, we reverse only if the district court misapplied the law." *State ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 149 (Iowa 2001).

The fighting legal issue is whether, regardless of label, Otero's lawsuit required a certificate of merit. As the supreme court has explained,

> [Iowa Code s]ection 147.140(1)(*a*) establishes that a certificate of merit is required when a plaintiff pleads (1) an "action for personal injury or wrongful death," (2) "against a health care provider," (3) which is "based upon the alleged negligence in the practice of that profession or occupation or in patient care," and

(4) "includes a cause of action for which expert testimony is necessary to establish a prima facie case."

*Struck v. Mercy Health Servs.-Iowa Corp.*, 973 N.W.2d 533, 540 (Iowa 2022) (quoting Iowa Code § 147.140(1)(a)).

There is no reasonable dispute that the first and second elements of the statute are met. *See* Iowa Code §§ 147.140(7), 146.136A, 135B.1 (definitional provisions). And we find the pled allegation concerned alleged negligence in patient care, satisfying the third element. We also conclude the fourth element is met because, as the district court put it, "there are questions in this case regarding evaluations by radiology technologists as to a patient's fall risk and what preventative measures must be taken to ensure that a patient at risk of a fall is not injured in a radiology procedure." *Cf. Est. of Butterfield v. Chautauqua Guest Home, Inc.*, 987 N.W.2d 834, 842 (Iowa 2023) ("Because the Estate never served a certificate of merit, the district court should dismiss with prejudice any allegations that require expert testimony regarding standard of care and breach."). We agree with the district court that an answer to these questions was not "within the knowledge and experience of an ordinary layperson" and thus required expert testimony. *See id.* at 841–42. The district court's ruling followed *Struck* closely and correctly applied the law to dismiss Otero's action based on her failure to file a certificate of merit.

To the extent Otero urges on appeal that her motion to "change the filing status" somehow bypasses *Struck* and section 147.140, we reject that argument. Much like the supreme court found in *Struck*, we conclude the allegations inside the "four corners" of Otero's petition only allege professional negligence of the sort

subject to section 147.140. *See* 973 N.W.2d at 540–41. Again like *Struck*, "This is not a case where the hospital patient slipped on a wet floor or tripped over a loose rug." *Id.* at 543. Otero's challenge is instead directed at the conduct of a healthcare provider and involves matters beyond the ordinary understanding of lay jurors, necessitating expert testimony. *Cf. id.* at 543–44.

Last, to the extent Otero attempts to raise new issues on appeal that were not decided below, we reject all unpreserved claims without further analysis. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

**AFFIRMED.**